```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA
```

**KENNETH RATCLIFF**                                         **CIVIL ACTION**

**VERSUS**                                                   **NO. 05-927**

**BURL CAIN, WARDEN**                                        **SECTION "B"**

### ORDER AND REASONS

Kenneth Ratcliff's instant petition for habeas relief pursuant to 28 U.S.C. §§ 2241 and 2254 is **DISMISSED** for the reasons below[1].

### FACTUAL BACKGROUND

Petitioner Ratcliff was arrested for armed robbery of the Circle K convenience store at 839 Esplanade Avenue, New Orleans, Louisiana on June 28, 1998. During this robbery the store clerk, Muronda Landry, stated Petitioner unzipped his overalls to reveal he had a handgun in his possession.[2] After showing Landry the handgun, Petitioner grabbed her, threw her down, and took her necklace and earrings. During this scuffle "papers" fell out of Petitioner's pocket and were recovered by Landry.

New Orleans Police Detective Ronald Puigh testified he was able to comprise a photographic line-up which included the Petitioner. He stated Landry was able to pick the Petitioner from the line-up. Arrest and search warrants were issued and Petitioner was arrested at his home, 1865 North Galvez Street, New Orleans,

---

[1] We are grateful for the work on this case by Matthew McLaren, a Loyola Law School extern with our Chambers

[2] *See* State rec., vol 2 of 4, trial transcript at p. 13, lines 27-32.

Louisiana. During the subsequent search of his residence neither the gun nor the property were recovered.

At trial Petitioner testified he was falsely accused of shoplifting by Landry.  He stated she attacked him with a price marking gun. He testified that during this attack she was able to rummage through his pockets and remove papers from him. Petitioner stated because of this he hit Landry. He also admitted to having two prior drug convictions; one for possession with intent to distribute cocaine, the other for possession of cocaine. Combining these two counts with the instant first degree robbery conviction, petitioner became a multiple offender subject to life imprisonment without the possibility of parole.

Petitioner sought post-conviction relief through the Louisiana Fourth Circuit Court of Appeals. The Fourth Circuit Court of Appeals denied Petitioner's request for relief. Petitioner then submitted the instant federal petition. Petitioner contends that his Constitutional rights were violated. Respondent contends Petitioner failed to exhaust state remedies and in the alternative that the claims presented are without merit.

### STANDARD OF REVIEW

*Rose v. Lundy* held when a prisoner files a petition that contains both exhausted and unexhausted claims the district court should dismiss the petition without prejudice and provide the inmate with the opportunity to either return to state court and exhaust the claims or amend and resubmit his petition to the

district court presenting only those exhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). However, 28 U.S.C.§ 2254(2) provides that "An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust remedies available in the courts of the State." According to *Hill v. Johnson*, 210 F.3d 481, 485 (5th. Cir. 2000), all determinations made by the state courts receive deference unless they were contrary to or involved an unreasonable application of clearly established Federal law.

Petitioner's claims have not been fully exhausted in state court. He failed to seek writs or appeal to the Louisiana Supreme Court. However, as noted by the Magistrate Judge because of the amended subsection of 28 U.S.C. § 2254 (2), merit review is proper. Therefore, the court will adopt said recommendation and review Petitioner's writ for habeas corpus relief.

Petitioner has eight (8) claims. Petitioner argues (1) insufficient evidence; (2) a deficient bill of information pertaining to an alleged illegal search and arrest; (3) exculpatory evidence was withheld;(4) ineffective assistance of counsel;(5) a defective indictment; (6) improper grand jury selection; (7) improper jury instructions; and (8) new evidence concerning a 9-1-1 phone call.[3]

---

[3] The court will address arguments out of order and combine similar claims

## **INSUFFICIENT EVIDENCE**

Petitioner argues the evidence presented at trial was insufficient because the State was unable to present the alleged firearm used in the crime.

> "The law concerning federal habeas review sufficiency of the evidence claims is clear: A reviewing court will not disturb a state court jury verdict so long as the evidence, viewed in the light most favorable to the verdict, is sufficient to allow a reasonable jury to find the defendant guilty beyond a reasonable doubt. It is the jury's responsibility to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Thus, a court does not focus on whether the trier of fact made the correct guilt or innocence determination, but rather whether it made a rational decision to convict or acquit." *Barnes v. Warden*, 2005 U.S. Dist. 36885, 16 (D. La. 2005).

Petitioner contends the inability to present the alleged firearm resulted in a failure to prove material elements of the crime. Under the holding of *State v. Legrand*, a single witness' testimony, if believed by the fact finder, is sufficient to support a factual conclusion. *State v. Legrand,* 864 So.2d 89 (La. 2003). In evaluating the sufficiency of the evidence to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. *Jackson v. Virginia,* 443 U.S. 307, (1979).

In the case at hand the State presented the testimony of Ms. Landry, the victim. The State offered Ms. Landry's testimony as she was most capable of giving testimony regarding what occurred. Petitioner had the same opportunity to take the stand and present

5

testimony regarding what occurred. The victim said Ratcliff unzipped his overalls revealing a gun.[4] The jury found Ms. Landry to be credible. After reviewing the trial transcripts, the testimony presented, and the videotape, there was sufficient evidence to support the jury's verdict. For those reasons Petitioner's argument fails.

## BILL OF INFORMATION

Petitioner argues the information in the bill of information was incorrect and misleading. Petitioner further argues information contained in the bill of information, search warrants, and property descriptions was incorrect. There is no factual support of this allegation from the record. After a careful review of the state court transcripts and exhibits it is clear no misleading or incorrect information, of a constitutional dimension, was presented regarding the Petitioner. For those reasons Petitioner's argument fails.

## EXCULPATORY EVIDENCE WITHHELD & NEW EVIDENCE REGARDING 9-1-1 CALL

Petitioner argues important exculpatory information was withheld from him at trial. He argues the State knowingly permitted false testimony to be given against him. Suppression of favorable evidence against the accused violates the Due Process Clause if the evidence is material to either guilt or punishment. *Brady v. Maryland*, 373 U.S. 83, 87 (1963). Materiality becomes established

---

[4] *See* State rec., vol. 2of 4, trial transcript at p. 13, lines 27-32.

when there is a reasonable probability that having been given the evidence the result of the proceedings would have been different. *Strickler v. Greene*, 527 U.S. 263, 280 (1999). Furthermore, in *U.S. v. Morris*, the Seventh Circuit found that when a defendant can show that 1) the prosecution suppressed the evidence, 2) the evidence was favorable to the defense, and 3) the evidence was material; then the defendant has a good claim for withholding exculpatory evidence. *U.S. v. Morris,* 80 F.3d 1151, 1169 (7th Cir. 1996).

The Louisiana Fourth Circuit and Court reviewed the evidence at trial and found no material evidence was withheld. The 9-1-1 call which Petitioner argues shows false testimony is unfounded. At trial the State never entered evidence regarding a 9-1-1 call. Testimony offered at trial was about whether the police were called, not whether the call was via "9-1-1". The State did not explore any testimony regarding a 9-1-1 call because they had a videotape which showed the Petitioner inside the store engaged in the altercation. Petitioner admitted he was in the store and that he struck Ms. Landry.[5] His own testimony removed any need for the State to offer evidence attempting to identify him or his actions in the store.[6] It should be pointed out that evidence about the 9-1-1 call came from Petitioner when he admitted to being in the

---

[5]   *See* State rec., vol. 2 of 4, trial transcript at p. 14, line 15; and State rec., vol. 2 of 4, trial transcript at lines 20-21

store while the victim placed the 9-1-1 call.[3]

Petitioner further argues the State failed to search its files for any exculpatory evidence. After a careful review of the trial transcript and the petitioner's writ there appears to be no factual basis for such an assertion. The State at no point during the trial withheld evidence or information from Petitioner. Allegations that are merely speculative cannot support a *Brady* claim. *Murphy v. Johnson*, 205 F.3d 809, 814 (5th Cir.) *cert. Denied,* 531 U.S. 957 (2000). For those reasons Petitioner's argument fails.

## **INEFFECTIVE ASSISTANCE OF COUNSEL**

Petitioner argues he received ineffective assistance of counsel due to a denial of the choice of private counsel. Under the analysis of *Strickland v. Washington*, Petitioner must show there was "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984). Petitioner must also show counsel's performance was deficient and the performance prejudiced the defense. *Id.* at 694. First, Petitioner argues his appointed counsel was ineffective because he failed to object to the admission of a videotape at trial. Second, Petitioner argues he was denied counsel because the trial court refused to grant a continuance when Petitioner made clear his

---

[3] *See* State rec., vol 2 of 4, trial transcript at p. 43, lines 26-29

desire to move forward with private counsel.

Petitioner's claim that his counsel failed to object to the introduction of the videotape at trial is without merit. Review of the trial record shows Petitioner admitted he was both in the store on the date in question, and he was aware there was a surveillance camera in the store.[4] Petitioner further took the stand to testify which was against the advice of his counsel.[5]

Petitioner further argues by forcing him to use appointed counsel instead of private counsel his Constitutional rights were violated. After reviewing the transcript of the hearing for a new trial; it is clear the court provided Petitioner with sufficient time to hire private counsel. At his arraignment Petitioner was provided with appointed counsel Mr. Joseph Meyer. Petitioner then hired Ms. Iona Renfroe to do his initial motions. Following that Ms. Renfroe withdrew as counsel and Mr. Meyer was then reappointed. At no time did Mr. Belfield, the private counsel in question, submit any indication to the court that he was counsel for Petitioner. Rather, after Petitioner was sentenced Mr. Belfield arrived in court and stated he never received communication about

---

[4]   See State rec., vol. 2 of 4, trial transcript at p. 42, lines 17-19, and State rec., vol. 2 of 4, trial transcript at p. 45, lines 18-21

[5]   See State rec., vol. 2 of 4, trial transcript at p. 11, lines 7-9.

trial dates. The trial court did not find his testimony credible.

The Court of Appeals found the trial court was in the best situation to determine whom to believe-the court's own staff or Mr. Belfield. Petitioner is afforded the right to choose counsel but when it appears the defendant is merely attempting to unjustifiably delay proceedings the trial court is granted wide discretion in granting continuances. *Morris v. Slappy*, 461 U.S. 1, 11 (1983), See also *State v. Ratcliff*, 793 So.2d 569 (La. 1998).

Petitioner changed counsel twice before the outset of trial and then attempted on the morning of trial to change counsel once again. The court had already granted several continuances in the case. Defendants have the right to chose counsel but when it becomes clear that the choice is merely to thwart the administration of justice the undeniable right to counsel cannot be manipulated for such purposes. *Ratcliff,* 793 So.2d 569. For those reasons Petitioner's argument fails.

### **IMPROPER GRAND JURY SELECTION AND DEFECTIVE INDICTMENT**

Petitioner argues the grand jury instructions and issuance of the indictment were deficient. Petitioner argues under the reasoning of *State v. Dilosa* that the process for picking a grand jury, the foreman, and handing down the indictment are different for the City of New Orleans versus the State of Louisiana. This issue pertains to Louisiana State Constitutional law and not federal law. Petitioner's argument fails to raise a reviewable

10

claim in this context.

### IMPROPER JURY INSTRUCTION

Petitioner argues the jury instructions were deficient. A review of the trial transcripts provides no insight into this challenge. Moreover, there is no justifiable federal Constitutional issue here. For those reasons Petitioner's argument fails.

### CONCLUSION

Petitioner's objection to the Magistrate Judge's recommendation is overruled. A review of the trial transcript and of Petitioner's arguments fail to provide any grounds upon which federal relief can be granted. Accordingly,

**IT IS ORDERED** that Petitioner's Writ of Habeas Corpus be **DENIED**.

New Orleans, Louisiana, this 10th day of August, 2007.

IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE